```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )
                            )   No. 04-10363-DPW
WILLIAM STANLEY, et al.,    )
                            )
        Defendants.         )
```

**GOVERNMENT'S TRIAL BRIEF AND MOTION IN LIMINE TO ADMIT EVIDENCE OF PRIOR BAD ACTS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves the Court *in limine* for a ruling regarding the admissibility of evidence of the defendants' activities with regard to prior loads of marijuana which were shipped from the same supplier to the same warehouse on earlier occasions. Additionally, the government seeks to introduce evidence regarding the use of false addresses by Romprey, Sandra Saunders, and Anthony Saunders, and an attempt to flee by Anthony Saunders. The grounds for this motion are set forth below. Finally, the government advises the Court that the prior conviction of Sandra Saunders for possession with intent to distribute marijuana may be admissible under certain circumstances.

   **I. FACTS**

This case arising out of the controlled delivery by undercover agents of a trailer containing more than 1500 pounds

of marijuana from Laredo, Texas to Billerica, Massachusetts. Defendants Arellano and Parra Gastelom made the arrangements to deliver the marijuana from Texas. Arellano has pled guilty, and Parra has declared an intention to plead guilty. The marijuana was driven to Somerville, Massachusetts. While the tractor trailer was parked outside a hotel, Anthony Saunders drove up in a Ford Taurus, with passengers Parra Gastelom and William Stanley. Stanley, who has declared an intention to plead guilty, got out of the car and approached the cab of the tractor-trailer. He got into the tractor and directed the undercover agents to Kevin McIver's warehouse at 239 Rangeway Road, Billerica, MA. As Stanley got in the vehicle, Saunders drove the Taurus slowly past the tractor trailer. Parra Gastelom gave the undercover agents a "thumbs up" sign, which they interpreted as approval to go with Stanley.

Stanley directed the tractor trailer to the McIver warehouse where it was met by Richard Adams. Adams, who has declared an intention to plead guilty, began to offload the "cover load" that was packed around the marijuana. Kevin McIver and John Manning then arrived at the scene with a dump truck and a forklift. McIver drove the forklift onto the trailer in order to unload the crates containing marijuana.

Manning left the scene and arrived back driving a pickup truck registered to Frederick Pidge. Stanley and Manning loaded

four large green toolboxes into the truck. These toolboxes together contained more than five hundred pounds of marijuana. Manning drove the pickup truck to the residence of Frederick Pidge. Anthony Saunders' Taurus was parked outside the house, and Pidge and Saunders were inside, with color coded locks, when agents arrived on the scene. The evidence recovered from the house, including the statements of Frederick Pidge, are the subject of a motion to suppress. Anthony Saunders supplied police with a residence address in Massachusetts on Cherry Lane in Massachusetts. Subsequent interviews of the resident at the address determined that Saunders had never lived there. Saunders was ultimately arrested in Florida, and made statements to arresting agents indicating that he was attempting to escape.

A second vehicle, a white van registered to Sandra Saunders, arrived at the warehouse after Manning drove the pickup away. Sandra Saunders and Leon Romprey got out of the van, and Romprey and Stanley loaded 14 bags of marijuana into the van. The van was stopped and more than five hundred pounds of marijuana was recovered. Sandra Saunders and Leon Romprey were asked for their name and address by the officers who stopped the van. Although they had lived together for years at 79 School Street, Rumney, New Hampshire, Romprey gave his father's address and Saunders supplied her sister in law's address.

After the pickup truck and van had departed the warehouse,

agents arranged for owner Kevin McIver to return to the warehouse. He consented to a search of the warehouse, where an additional five hundred pounds of marijuana was recovered.

At trial, the government will introduce tape recordings of defendant Felix Parra Gastelom negotiating with an undercover agent to deliver marijuana to Boston. In the consensually tape recorded conversation, Parra reported about the prior activities of "the Anglos in Boston," indicating that he worked with the same group on prior occasions. A cooperating witness will testify that the same Boston crew – Stanley, Adams and Manning – unloaded the trailer on multiple prior occasions, and that Romprey and Sandra Saunders picked up from the warehouse on at least one prior occasion. The witness will also testify that on one occasion, John Manning was absent from the unloading because he was "off on a cocaine bender." On that occasion, Kevin McIver took over Manning's job of opening the metal crates housing the marijuana. The witness will testify that the marijuana belonged to defendant Anthony Saunders, and that Saunders paid the persons involved in the offload. He will testify that Saunders was assisted in coordinating the deliveries by Frederick Pidge.

**II.    MOTION IN LIMINE TO ADMIT EVIDENCE**

**A.    The Evidence of 1) the Prior Loads of Marijuana and 2) The False Addresses supplied to Police and 3) Saunders' Attempt to Escape is Probative Evidence that Is Admissible in this Case.**

Relevant evidence is admissible under Rule 401 unless

4

another rule makes it inadmissible.  Evidence is relevant if it tends to make a fact in consequence more or less likely.  Evidence of the prior loads is relevant, because it tends to show the existence of an agreement, which is an essential element of conspiracy.

Given the low threshold for relevance, the evidence at issue is admissible under Rule 401.  United States v. Nason, 9 F.3d 155, 162 (1st Cir. 1993)("The threshold standard for relevance is very low under Federal Rule of Evidence 401.")

**B.   Even if the Evidence is Viewed as Evidence of Other Wrongful Acts, it is Admissible under Rule 404(b)**

A prior or subsequent bad act is admissible pursuant to Fed. R. Evid. 404(b) if it satisfies a two-part test.  First, "the evidence must have 'special relevance' to an issue in the case, such as intent or knowledge, and must not include 'bad character or propensity as a necessary link in the inferential chain.'" United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). See also, United States v. Smith, 292 F.3d 90, 98-99 (1st Cir. 2002) (first step in 404(b) analysis is to "assess whether the evidence is specially probative to an issue in the case and is not merely offered to show the defendant's bad character or propensity for crime.").  "Special relevance" includes, for example, proof of a person's intent or state of mind to commit a crime, opportunity, knowledge, or absence of mistake.  See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996), cert. denied

5

117 S.Ct. 147 (1996); United States v. Brown, 34 F.3d 569, 573 (7th Cir. 1995)(prior bad acts may be admitted as proof of an element of a crime, such as intent, if the act demonstrates how the defendant's behavior was purposeful rather than accidental), cert. denied 513 U.S. 1167 (1995). Further, if the evidence is, as here, inextricably intertwined with the charged conduct, it is admissible under Rule 404(b). United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989).

    Second, under Rule 403, the evidence "may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Id. See also United States v. Ferrer-Cruz, 899 F.2d 135, 137 (1st Cir. 1990); United States v. Kadouh, 768 F.2d 20, 21 (1st Cir. 1985). In balancing the probative value and risk of undue prejudice of a defendant's prior bad acts, a district court should bear in mind that Rule 404(b) is a rule of inclusion, not exclusion. United States v. Carty, 993 F.2d at 1011 (citations omitted) (emphasis added). Thus, the analysis under Rule 403 is not whether the defendant is prejudiced by the admission of prior actions, but whether the defendant suffers unfair prejudice. United States v. Nickens, 955 F.2d 112, 125 (1st Cir. 1992) (citations omitted) (emphasis added).

1. Prior Loads Are Admissible

The evidence of the prior loads of marijuana satisfies both of these criteria.  First, as shown above, the evidence is probative to show that defendants had an agreement.  The jury can find that the defendants arriving at the warehouse knew what they were picking up because they had picked up the same thing before.  Likewise, this evidence is necessary to "complete the story of the crime on trial."  United States v. D'Alora, 585 F.2d 16, 20 (1st. Cir. 1978) (citing United States v. Eatherton, 519 F.2d 603, 611 (1st Cir. 1975) for the proposition that evidence tending to logically associate the defendant with the particular crime and enhance the probability of guilt is relevant).  The prior loads are "inextricably intertwined" with the charged conduct because they explain what Parra was talking about when he talked about the prior activities of the Anglos in Boston.  As the Supreme Court noted in Old Chief v. United States, 519 U.S. 172, 189 (1997):

> People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more can be said than they have heard.

Id. at 189.  The evidence of prior loads tends to explain how these individuals know one another, and why they would arrive at the warehouse for very brief, coordinated trips.

Moreover, there is no danger of *unfair* prejudice because the

7

Court can control the effect of the evidence by issuing a limiting jury instruction regarding the proper relevance of the evidence. The First Circuit has approved the use of such limiting instructions as an appropriate means of protecting a defendant against the possibility that a jury might draw improper conclusions from a defendant's prior bad acts.[1]

2. The Evidence Regarding False Addresses is Likewise Admissible.

Under this analysis, the evidence of the false addresses supplied to the investigating officers by Romprey, Saunders, and Saunders is admissible. The evidence is probative. It tends to show that each of these individuals provided false information regarding their residential address in order to avoid police detection. Individuals who are confident of their innocence should have nothing to fear from the authorities. This pattern of deception is probative of the defendants' consciousness of guilt. See United States v. Taylor, 284 F.3d 95, 104 (1st Cir. 2002) (recognizing the inferential connection between the defendant's efforts to avoid police detection and his consciousness of his own guilt).

---

[1] See, e.g., Garcia, 983 F.2d at 1173 ("district court handled the prior acts evidence with care, providing the jury with a limiting instruction . . . and again instructing the jury of the scope of prior acts evidence in his final charge."); Nickens, 955 F.2d at 125-6 ("given that the court minimized prejudice to [defendant] by giving clear limiting instructions to the jury, we are satisfied that the district court did not abuse its discretion in admitting the evidence of [defendant's] prior drug conviction.").

3.  Anthony Saunders' Evasion of Police

For the same reasons set forth in item 2, above, Anthony Saunders' evasion of police is admissible.  See United States v. Taylor, 284 F.3d 95, 104 (1st Cir. 2002) (recognizing the inferential connection between the defendant's efforts to avoid police detection and his consciousness of his own guilt).

### III. PRIOR CONVICTION

Defendant Sandra Saunders was previously convicted of felony possession of marijuana in Missouri, when she was apprehended with 158.12 pounds of marijuana.  The government concedes that this conviction is not admissible in the ordinary course.  However, the evidence will show that Sandra Saunders was stopped driving a van that contained more than 500 pounds of marijuana, and that the odor from the marijuana was extremely strong.  To the extent that the defendant would attempt to claim, whether as an inference through cross examination or otherwise, that she did not know that the bags contained marijuana, or did not recognize the smell of marijuana, the government submits that the facts behind this conviction would become admissible in order to show knowledge and lack of mistake.

### IV. CONCLUSION

For the above-enunciated reasons, the government requests that its motion *in limine* be granted.  Additionally, the government respectfully seeks to raise the issues presented by Sandra Saunders' prior conviction at the pretrial conference.

```
                        MICHAEL J. SULLIVAN
                        United States Attorney


                By:     /s/ Nancy Rue
                        NANCY RUE
                        Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                        /s/ Nancy Rue
                        Nancy Rue
                        Assistant United States Attorney
Date:    June 15, 2006
```