# United States District Court
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.:  04CR10363DPW |
| ) | |
| **v.** ) | |
| ) | |
| **WILLIAM STANLEY** ) | |

### DEFENDANT'S SENTENCING MEMORANDUM
### AND MOTION FOR DOWNWARD DEPARTURE

NOW COMES the defendant, William Stanley, in the above-captioned matter and submits herewith this Memorandum in Support of his request for sentencing.

## I.  CHARGED CONDUCT

In November 2004, the defendant met with federal agents acting in an undercover capacity and assisted in the transportation and offloading of a shipment of marijuana in Billerica, MA.  Once the marijuana was off-loaded, the defendant and several co-defendants were arrested.  Authorities seized a quantity of marijuana.  The weight of that marijuana has been calculated to be between 400 and 700 kilograms.

## II.  BACKGROUND

Mr. Stanley is forty-five (45) years old and was raised in Waltham, MA.  He completed high school and some college level courses until his issues with mental illness and drug addiction overcame him.  Although he never sought any significant psychological or psychiatric help, he "self-medicated" through the use of alcohol, marijuana and other drugs.  From that time to the present, Mr. Stanley has struggled with serious bouts of depression and relapses of his

alcoholism and drug addiction. Mr. Stanley has never been married and does not have any children. In between periods of incarceration, he had worked in a variety of construction or laborer positions, including periods of employment working for friends cutting trees, plastering or doing other similar work.

Mr. Stanley has always accepted responsibility for his role in the actions that bring him before this Court. As a result of the foregoing, the defendant asks this Court to find that the defendant's role in the offenses charged was minor. Additionally, the defendant seeks a variance from the Sentencing Guidelines, pursuant to 18 U.S.C. §3553, based upon his background, personal history, issues in this case and the manner in which these factors should be considered in sentencing the defendant.

It is clear that Mr. Stanley has a lengthy criminal history. He also has a lengthy history of being a "binge" drug user. Over the course of his life, he has involved himself in drugs and drug trade in an effort to support his habit and to medicate himself. As a result, he has been in a position where he has been used by those around him with more significant involvement in this case. All of Mr. Stanley's prior involvement with the law and courts has been drug related, in one way or another. He clearly understood the wrongfulness of his conduct and has taken responsibility for it. However, in crafting a sentence, Mr. Stanley hopes that, despite his record, this Court will sentence him to the minimum period permitted by statute.

In assessing Mr. Stanley's role in this case and evaluating the relevant considerations, the defendant requests that this Court sentence him to one hundred twenty months of incarceration followed by a period of supervised release. Mr. Stanley also asks that no fine be imposed due to his inability to pay.

**III.     THE SENTENCING GUIDELINES**

The base offense level in this case is 28 because the amount of marijuana attributable to Mr. Stanley is less than 700 grams. The defendant is entitled to receive a three level reduction for acceptance of responsibility and the defendant argues that he is also entitled pursuant to 18 U.S.C. §3553(B)(1) and §5K2.0 for consideration of further departure due to his mental health issues and history of drug addiction. The defendant meets the criteria of §5K2.0 and the departure is not prohibited by §§5K2.0(a) or (c). See, United States v. Langille, 324 F.Supp.2d 38 (D.Me 2004). Because of the defendant's lengthy criminal record, his criminal category is VI.

## IV.    CONTROLLING LEGAL PRINCIPLES

"The sentencing judge must consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." United States v. Koon, 518 U.S. 81, 113 (1996). The individuality of each defendant and the uniqueness of each case were largely removed from the consideration of federal judges by the United States Sentencing Guidelines in 1987. This discretion was restored to the District Courts by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). Judges clearly have the discretion to fashion a sentence tailored to the unique circumstances of each case and the individual situation of each defendant. 18 U.S.C. §3553(a) requires a judge to sentence a defendant below the guidelines range if that sentence would be sufficient to achieve the purposes of the statute. The guideline sentencing range is only one of several factors that must be considered in determining a sentence. Id. at 259-260. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. Ibid.

In light of Booker, however, the Guidelines are advisory, not mandatory. United States v. Jiminez-Beltre, 440 F.3d 514 (1st Cir. 2006). Booker "makes it possible for Courts to impose to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness." Id. at 518.

In the case at bar, there is "a plausible explanation and defensible overall result" for the imposition of a sentence below the advisory guideline range. Id. at 519. In deciding the appropriate sentence for Mr. Stanley, the Court should follow the course endorsed by the First Circuit in Jimenez-Beltre, at 518-519: (1) determine the applicable Guideline sentencing range; (2) consider whether to depart from that range; and (3) decide "whether other factors identified by either side warrant an ultimate sentence above or below the guideline range."

### V.  FACTORS UNDER 18 U.S.C. §3553

The primary mandate of 18 U.S.C. §3553 is that this Court should impose a minimally sufficient sentence to achieve the statutory purposes of punishment. Section 3553(a) states, "(t)he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." This provision, known as "the parsimony principle," is not merely a factor to be considered in determining a sentence. Instead, it represents a cap above which a sentencing judge is statutorily prohibited from sentencing, even when a greater sentence is indicated by the sentencing guidelines. See, United States v. Denardi, 892 F.2d 269, 276-277 (3d Cir. 1989); see also, U.S. v. Wallace, -- F.3d – (WL 2336923) C.A.1 2006.

The Court, in determining the appropriate sentence to be imposed should consider the following factors set forth in 18 U.S.C. §3553(a):

1. the nature and circumstances of the offense and the history and character of the

       defendant, and

2.      the need for the sentence imposed –

    a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;

    b.  to afford adequate deterrence to criminal conduct;

    c.  to protect the public from further crimes of the defendant; and

    d.  to provide the defendant with needed educational, vocational training, medical care, or other correctional treatment in the most effective manner.

## VI.   CONCLUSION

For all of the above reasons, Mr. Stanley respectfully asks this court to sentence him to a term of one hundred twenty months (10 years) incarceration followed by the applicable period of supervised release and impose no fine due to his inability to pay. This sentence takes into account the seriousness of the offense and Mr. Stanley's previous criminal history and also balances that with his role in these activities and sentences imposed on his co-defendants. It also reflects the seriousness of Mr. Stanley's untreated mental health issues and his pattern of substance abuse.

                                             Respectfully submitted,
                                             William Stanley,
                                           By hisAttorney,

                                           _____
                                           Michael D. Brennan
                                           161 Worcester Road, Suite 200
                                           Framingham, MA  01701
                                           (508) 834-3020
                                           BBO#:  557401

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Defendant's Sentencing Memorandum were this day served upon all parties to this action by electronic filing.

SIGNED under the pains and penalties of perjury.

Dated: October 4, 2006                    _____
                                          Michael D. Brennan