UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 04-10363-DPW |
| | ) |
| KEVIN MCIVER, et al., | ) |
| Defendants. | ) |

### ORDER OF FORFEITURE

**WOODLOCK, D.J.:**

WHEREAS, on July 6, 2006, a federal grand jury sitting in the District of Massachusetts returned a three-count Second Superseding Indictment charging Defendant Kevin McIver ("McIver" or the "Defendant"), and others, with the following violations: Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One); Possession of Marijuana With Intent to Distribute and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count Two); and Maintaining Drug Involved Premises, in violation of 21 U.S.C. § 856(a) (Count Three);

WHEREAS, the Second Superseding Indictment sought the forfeiture, pursuant to 21 U.S.C. § 853, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to, the following:

   a.   the real property and buildings located at 239 Rangeway Road, Billerica, Massachusetts, having a deed recorded at the Southern Middlesex County Registry of Deeds, Book 173, Page 63, currently owned by Kevin McIver (the "Rangeway Road Property");

WHEREAS, the Second Superceding Indictment further provided that, if the Rangeway Road Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Rangeway Road Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on September 5, 2006, McIver pled guilty to Counts One and Three of the Second Superseding Indictment, pursuant to a written plea agreement he signed on July 24, 2006;

WHEREAS, in Section Nine of the plea agreement, McIver agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, including, without limitation, the Rangeway Road Property, which McIver admitted is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of McIver's unlawful drug activity, and/or was used, or intended to be used, to commit

2

the crimes charged in the Second Superseding Indictment;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to an order of forfeiture against the Rangeway Road Property, or substitute assets in a value up to the value of the Rangeway Road Property; and

WHEREAS, as set forth in the plea agreement, the United States has agreed to forfeit $201,300.00 in United States currency in lieu the Rangeway Road Property, so long as payment is made no later than December 31, 2006;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the Defendant's admissions in the plea agreement, that the United States has established the requisite nexus between the Rangeway Road Property and the offenses to which the Defendant pled guilty. Accordingly, the United States is entitled to forfeiture of the Rangeway Road Property, or substitute assets in a value up to the value of the Rangeway Road Property.

2. The Defendant shall forfeit $201,300.00 in United States currency to the United States pursuant to 21 U.S.C. § 853(p). Such payment shall be made by certified check, payable

to the United States Marshals Service, delivered to the United States Attorney's Office, Asset Forfeiture Unit, no later than December 31, 2006. Upon receipt and deposit of such payment, the United States will move for a release of the Lis Pendens recorded at the Registered Land Division of the Middlesex North Registry of Deeds on Certificate No. 34032, Book 173, Page 63.

3. The United States Marshals Service shall take custody of the $201,300.00 in United States currency, and shall dispose of it according to law and this Order.

4. If payment of the $201,300.00 in United States currency is not made on or before December 31, 2006, the Defendant's interests in the Rangeway Road Property shall be forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture will become final as to the Defendant at the time of sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this 13th day of October, 2006.

_____
DOUGLAS P. WOODLOCK
United States District Judge

4