UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    v. )<br>WILLIAM STANLEY )<br>)<br>    Defendant. ) | Case No. 04-10363-DPW |

**GOVERNMENT'S SENTENCING MEMORANDUM**
**REGARDING STATUTORY MINIMUM AND RELEVANT CONDUCT**

In this case, the indictment charged a conspiracy for a time period of approximately one month. The government later adduced evidence of drug transactions, relationships and agreements involving this defendant over the course of two years. At the sentencing of a co-defendant in this case, the Court addressed the Guidelines analysis for relevant conduct, and the Court then inquired whether that analysis applied equally to the calculation of the minimum mandatory sentence. The government asserted that it did. Upon further research and reflection, the undersigned counsel has concluded that this position is erroneous, at least insofar as it relates to the Massachusetts-based defendants.[1] The undersigned counsel apologizes for the delay in recognizing this distinction.

---

[1] The government notes that during the time period charged in the Superseding Indictment, Laredo-based co-defendant Parra discussed multiple loads to Boston, Detroit and Chicago on audiotape, and the weight of one load to each city was attributed to him by probation, rather than the weight of the prior loads to the Billerica warehouse. During the tape recorded calls, Parra told the undercover on October 25, 2004 that if his truck was not ready by "tomorrow night," that he would not be going until the next trip, indicating that Parra made a shipment on October 26, 2004 – which was during the time period alleged in the Superseding Indictment. On that basis, together with the discussion of the loads to Detroit and Chicago, the statutory weight for Parra during the time period alleged in the Superseding Indictment remains at over 1000 kilograms. Moreover, the government notes that the Court determined that a Guidelines sentence was appropriate for co-defendant Parra, and the Guidelines sentencing range exceeded the statutory minimum regardless of whether that minimum was five years or ten years.

The government asserts that the analysis below demonstrates that the drug weight which controls the minimum mandatory sentence applicable to Stanley, who pled guilty to the first Superseding Indictment, is more than 100 kilograms but less than 1000 kilograms of marijuana, and is found at 21 U.S.C. § 841(b)(1)(B)(vii), rather than § 841(b)(1)(A)(vii). The drug weight for Guidelines analysis includes the relevant conduct from the prior two years of the conspiracy and is therefore between 1000 and 3000 kilograms of marijuana. For William Stanley, this results in a statutory minimum sentence of ten years, and, based on his career offender status, a Guideline sentence of 262 - 327 months after acceptance of responsibility. [2]

### I.     The Minimum Mandatory Sentence as to This Defendant is Found in 21 U.S.C. § 841(b)(1)(B)(vii)

Section 841 of Title 21 provides for a graduated series of minimum and maximum sentences for drug distribution based on the weight of drugs involved and the prior criminal drug history of the offender. Subsection (a) of 841 specifies that it is a crime to distribute drugs. Subsection (b) sets forth the penalty "in the case of a violation of subsection (a) of this section involving [a threshold weight of drugs]."

The First Circuit Court of Appeals has not yet had occasion to rule on whether the term "involving" as set forth in § 841(b) is limited to the narrow constraints of the indictment, including the time frame of the indictment. However, several cases in this Circuit and others, as well as dicta in a Supreme Court case, suggest this result.

In the Supreme Court double jeopardy case of <u>Witte v. United States</u>, 515 U.S. 389

---

[2] The government acknowledges pursuant to § 3E1.1(b) that Stanley timely notified the government of the intention to plead guilty, and therefore the government moves for a one point decrease in the offense level for defendant Stanley.

(1995), defendant Witte pled to a narrowly drawn indictment that charged him with attempting to possess with intent to distribute marijuana from January 25, 1991 through February 8, 1991. Id. at 392-93. This time period included an agreement for the purchase of 1000 pounds of marijuana, and the transfer of approximately 375 pounds of marijuana consistent with that agreement. Id. at 392. During the prior year, Witte and his colleagues had planned to import 15 tons of marijuana from Mexico and had proposed to import more than 500 kilograms of cocaine. Id. at 392-94. At sentencing, Witte was held accountable (over the objection of both the government and the defendant) for all the marijuana and cocaine conduct, based on the district court's finding that all of the conduct was part of the same continuing conspiracy, with a resulting base offense level of 40. A year later, Witte was indicted for conspiring to import cocaine from August 1989 to August 1990, and he moved to dismiss on double jeopardy grounds, arguing that he had already been punished for this offense, by virtue of the inclusion of the charged cocaine in the Guideline drug weight for the earlier indictment. The Supreme Court rejected the argument.

> In the course of the Supreme Court's double jeopardy analysis, the Court noted that:
>
>> Here, petitioner pleaded guilty to attempted possession of marijuana with attempt to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statute provides that the sentence for such a crime involving 100 kilograms or more of marijuana must be between 5 and 40 years in prison. By including the cocaine from the earlier transaction – and not just the marijuana involved in the offense of conviction – in the drug quantity calculation, the District Court ended up with a higher offense level (40), and a higher sentence range (292 to 365 months) than it would have otherwise under the applicable Guideline, which specifies different base offense levels depending on the quantity of drugs involved. USSG § 2D1.1 This higher Guideline range, however, still falls within the scope of the legislatively authorized penalty (5 to 40

3

years).

Id at 399 (emphasis added). Witte had been held accountable for Guidelines' analysis for 15 tons of marijuana (well over the 1000 kilogram statutory threshold for 841(b)(1)(A)). This 15 tons was expressly found by the district court to be part of the same conspiracy. Nevertheless, the Supreme Court assumed that the applicable statutory minimum was the five year minimum for 100 kilograms implicated by the marijuana involved in the conduct that occurred during the charged time period. Implicitly, the Court concluded that the 1990 conduct involving the 15 tons of marijuana was not "involved" in the charged violation because the charged violation related only to January 25, 1991 through February 8, 1991.

These facts are not readily distinguishable from the instant Superseding Indictment. In the instant indictment, Stanley is charged with conspiracy and possession for a period of approximately one month: from October to November 8, 2004. The evidence submitted by the government for sentencing purposes showed that in fact Stanley was involved in at least two other loads of marijuana of five boxes each[3] for a total of more than 1000 kilograms of marijuana. However, during the time period charged in the Superseding Indictment, the only drug evidence is the seized load, about 535 kilograms. In Witte, the Supreme Court assumed that the statutory sentencing range was based on the quantity involved in the time charged, rendering a statutory range of 5 to 40 years. Applying that rule in this case results in a statutory range of 10 years to life, based on the timely filed § 851 information, rather than the mandatory

---

[3] The load seized on November 8, 2004 was five boxes and had a net weight of about 535 kilograms. See PSR at 60. Two additional loads of this size brings the net weight to more than 1600 kilograms. The additional loads are described at PSR ¶44 and ¶ 48; trial testimony day 4, pages 84-98, 98-102 and day 5, pages 37, 58, 163-65.

4

life sentence that would apply to the greater amount.

Two other cases in this Circuit suggest a similar result. In the unpublished decision of United States v. Camilo, 30 F.3d 126, 1994 WL 410853 (1st Cir. 1994), the First Circuit noted that the Second Circuit had recently decided in United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir 1993) that the statutory mandatory minimum was driven only by the "conduct which actually result[s] in conviction under that statute" and not by the relevant conduct included in the Guidelines calculation. Camilo, 1994 WL 410853 at **1. In Darmand, the government conceded that only the conduct of the charged time period should be included in the calculation of the mandatory minimum. Darmand, 3 F.3d at 1579. The First Circuit neither approved nor rejected Darmand, stating "If this case correctly states the law – a matter on which we take no view – it may have substantial implications for the duration of defendant's sentence." Id. The parties agreed that the case should be remanded in the interests of justice, and after resentencing based on the lower statutory minimum, the case was re-appealed to the First Circuit. United States v. Camilo, 71 F.3d 984, 986 (1st Cir. 1995). The First Circuit noted that the probation department had recommended that the mandatory minimum be calculated only on the drug quantity involved in the offense of conviction, as set forth in Darmand. However, because the parties were in agreement on the matter of the minimum sentence, that question was not properly before the First Circuit.

A similar result obtained in Mejia v. United States, 2001 WL 531535 (D.N.H. Apr. 30, 2001). Mejia filed a petition under 28 U.S.C. § 2255, asserting that the minimum mandatory sentence for his crime had wrongly included "drug quantities related to 'relevant conduct' that occurred *prior* to the conspiracy offense charged . . . were improperly used to determine the ten

5

year mandatory minimum sentence ."  The district court concluded that:

> It appears that the mandatory minimum sentence applicable to Count I (based only on drug quantities relevant to the offense of conviction) should have been 5 years, not ten (i.e., excluding the pre-conspiracy relevant conduct drug quantity).

Id.

Other circuits have gradually adopted the approach of Darmand and Mejia.  See United States v. Retelle, 165 F.3d 489, 491 (6th Cir. 1999); United States v. Rodriguez, 67 F.3d 1312, 1324 (7th Cir. 1995); and United States v. Estrada, 42 F.3d 228, 232 (4th Cir. 1994).  The Tenth Circuit expressly rejected the Darmand reasoning in United States v. Reyes, 40 F.3d 1148 (10th Cir. 1994), but reversed course in 1999 in United States v. Santos, 195 F.3d 549, 551 (10th Cir. 1999), abrogated on other grounds, United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000).

Accordingly, upon the weight of the authority cited above, the government respectfully asserts that Stanley is subject to a minimum sentence of ten years, not a minimum sentence of life as stated earlier in these proceedings.  The undersigned counsel apologizes for the error.

**II.     For Sentencing Guidelines Purposes, This Defendant is a Career Offender, and Therefore Drug Weight Does Not Drive the Guidelines Calculation.**

There appears to be no dispute that this Defendant is a career offender within the meaning of § 4B1.1.  Given the timely filing of the 851 information, the maximum sentence is life, resulting in an offense level of 37 and an adjusted offense level, after credit for acceptance of responsibility, of 34.  See PSR at ¶ 71.

**III.    Conclusion**

The government submits that the Guideline Sentencing Range for William Stanley is 262 to 327 months, with a mandatory minimum sentence of 10 years and a maximum sentence of

6

life.  It appears that these facts are not in dispute, and therefore no evidentiary hearing is required.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                   By:    /s/ Nancy Rue
                         Nancy Rue
                         Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    /s/ Nancy Rue
                                    Nancy Rue
                                    Assistant United States Attorney

Date:   March 16, 2007