United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, )<br>)<br>v. )<br>)<br>William Stanley, )<br>)<br>Defendant. )<br>) | Criminal Action No.<br>04-10363-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant, William Stanley ("defendant") for compassionate release from a drug trafficking sentence. For the following reasons, the motion will be denied.

In October, 2004, undercover law enforcement agents posed as job applicants to fetter out a drug enterprise. The agents met with members of the organization and ultimately agreed to transport a shipment of 1,000 pounds of marijuana by truck from Texas to a warehouse in Billerica, Massachusetts. At the warehouse, defendant accepted the drug shipment and paid the undercover agents $40,000.

Defendant was subsequently arrested and charged with drug-related crimes in violation of 21 U.S.C. §§841(a)(1), 846, and 856, to which defendant pled guilty in June, 2006. Because of his numerous prior convictions for drug crimes and assault and

- 1 -

battery, defendant was sentenced as a "career offender." Accordingly, his sentencing guideline range was 262 to 327 months. Another session of this Court sentenced defendant to the low end of that guideline range, citing his mental health and addiction issues.

Approximately 15 years into his sentence, while imprisoned at a facility in Oklahoma, defendant attacked a corrections officer by kicking him in the legs. Defendant was charged with assault on a federal officer. He pled guilty to that charge and was sentenced to 78 months, to be served consecutively to his current sentence. According to prison records, defendant has engaged in numerous other aggressive, violent behavior toward staff while imprisoned.

Defendant filed a motion for compassionate release with another session of this Court which was denied. Now, defendant has filed a renewed motion for compassionate release seeking to modify his term of imprisonment, based upon his claim that his 262-month sentence was excessive and the recent diagnosis that he has skin cancer.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, reduce an imposed term of imprisonment by allowing "compassionate release" pursuant to 18 U.S.C. §3582(c). Before filing a compassionate release motion, a defendant must

first exhaust all administrative remedies and rights to appeal. §3582(c)(1)(A). The Court may then grant compassionate release if, after considering the factors set forth in §3553(a), there are "extraordinary and compelling reasons" for doing so. §3582(c)(1)(A)(i). Even if all other requirements are satisfied, a court should grant compassionate release only if the defendant is no longer a "danger to the public." Id.

Extraordinary and compelling reasons, as defined by the Sentencing Commission under U.S.S.G. §1B1.13(b)(6), can include changes in the law if 1) the defendant received an "unusually long sentence" and 2) the change in the law would produce a "gross disparity" in how the sentence would be imposed today. §1B1.13(b)(6). Even then, a court must still consider the defendant's individualized circumstances. Id. Extraordinary and compelling reasons under §1B1.13(b)(5) can also include "any other circumstance or combination of circumstances" similar to those outlined in §1B1.13 (medical problems, age, etc.).

Neither the First Circuit nor other sessions of this District Court have addressed the applicability, or validity, of §1B1.13(b)(5)-(6). Cf. United States v. Veloz, No. CR 12-10264-RGS, 2024 WL 4228926, at *1 (D. Mass. Sept. 18, 2024) (finding that U.S.S.G. §1B1.13(b)(6) did not apply). In the absence of such guidance, this Court turns to the decisions of other federal courts.

Particularly relevant here is the decision of the Southern District of Texas in United States v. Guerra, No. CR 2:07-397, 2023 WL 4408700 (S.D. Tex. July 5, 2023). There, defendant was charged with drug offenses related to distribution of marijuana, similar to defendant in this case, and sentenced to 262 months, the same sentence defendant received here. Id. at *1. Defendant moved to reduce his sentence under §3582(c)(1)(A) which the court denied, concluding that defendant's sentence was based upon his career-offender status and thus would not be lower under current law. Id. at *3. Defendant's extensive criminal history, including an assault on a law enforcement officer and his loss of good-time-credits for infractions while in prison, further influenced the court's denial. Id.

The facts of this case are almost identical and warrant the same conclusion. Defendant's guideline sentencing range of 262 to 327 months resulted from his career offender status, not from the fact his crime related to marijuana. Thus, while his sentence was, and is, lengthy, it was based upon an accurate and non-disproportionate reflection of his momentous criminal history.

The sentence imposed also accounts for defendant' violent behavior, both before and during imprisonment. As the session of this Court that addressed defendant's prior motion for compassionate release highlighted, defendant's conduct

"evidences a continuing and extraordinary number of disciplinary offenses, a number of which involve violence" and one of which involved an assault on a federal officer.  The judicial officer who sentenced defendant in Oklahoma similarly recognized his "long history" of violent behavior "both outside of incarceration [and] inside."  That history of violence demonstrates a need to enforce deterrence and protect the public from further crimes by defendant rather than grant compassionate release. See Guerra, 2023 WL 4408700, at *3.

Defendant, in arguing for his release, principally relies on United States v. Brown, 706 F. Supp. 3d 516 (D. Md. 2023), and United States v. Vigneau, 473 F. Supp. 3d 31 (D.R.I. 2020). Both cases are, however, distinguishable.  In granting compassionate release on a marijuana conviction, the decision in Brown credited the fact that defendant was not a career offender, while defendant here concedes that he is. See 706 F. Supp. 3d at 521.  Both decisions also noted that defendants had not been convicted of violent crimes and had taken significant steps toward rehabilitation, neither of which applies to this defendant. See 706 F. Supp. 3d at 522; 473 F. Supp. 3d at 40.

Defendant argues vigorously that marijuana offenses are looked upon more leniently under state law today than they were when he was sentenced but that is irrelevant.  Even the cases defendant relies upon concede that marijuana remains illegal at

the federal level and thus any change in state law as to marijuana trafficking "do[es] not directly impact the validity of imposed federal sentences." Brown, 706 F. Supp. 3d at 521; see United States v. Johnson, No. CR 10-10087-NMG, 2022 WL 3327518, at *2 (D. Mass. Aug. 10, 2022) ("Changes in state law that de-criminalize marijuana . . . do not impact the federal prohibition.").

Defendant finally contends that the diagnosis of his skin cancer, coupled with the purported inferiority of prison medical facilities, are further grounds for his compassionate release. Not every medical diagnosis, however, merits release. See United States v. Saccoccia, 10 F.4th 1, 5 (1st Cir. 2021); see, e.g., United States v. Meader, No. 1:95-CR-25-DBH, 2020 WL 6741783, at *1 (D. Me. Nov. 17, 2020) (denying compassionate release despite defendant's skin cancer diagnosis). Allegations that prison medical facilities are inferior, alone, is also an insufficient basis for compassionate release. See, e.g., United States v. Hoskin, No. 4:17CR500HEA, 2020 WL 7624844, at *3 (E.D. Mo. Dec. 22, 2020) ("[A] motion for compassionate release is not the proper vehicle for asserting . . . inadequate medical care."). The facts of this case do not warrant early or compassionate release.

**ORDER**

For the foregoing reasons, the motion of defendant, William Stanley, for compassionate release (Docket No. 566) is **DENIED**. **So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 25, 2024